## ESTATE OF JOSEPH F. DULL, IN TRUST.

APPEAL BY D. M. DULL FROM THE ORPHANS' COURT OF MIFFLIN COUNTY.

Argued May 26, 1890—Decided October 6, 1890.

(a) A testator, after a provision giving his widow, for life, one third of the income of his land and of the proceeds thereof when sold, directed that all his residuary estate, real and personal, should be divided into eight equal shares, "after one third thereof shall first have been reserved and secured for the purpose of paying the interest thereof to my wife."

(b) One share he directed to be reserved and kept invested by his executors, the proceeds, and so much of the principal as should be necessary, to be applied by them to the maintenance of his son Joseph, during his

life, his said son to have no control of it, nor should it be liable for his debts, and at his death it should go to " his heirs : "

1. The testator did not die intestate as to the one third of his residuary estate reserved for securing the interest thereon to his widow; the reservation meant no more than that the one third, so deducted, should not be paid over to the legatees so long as the widow should live.

2. The estate provided for Joseph did not become absolute by force of the words " his heirs," in the limitation over at his death; wherefore, no part thereof remained at his death, in the shape of property or money which his administrator was entitled to receive.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 62 July Term 1890, Sup. Ct.; court below, number and term not given.

On November 15, 1889, D. M. Dull, administrator of Joseph F. Dull, deceased, presented his petition praying for a citation upon J. J. Dull, A. J. Dull, and C. P. Dull, trustees of the estate of said Joseph F. Dull, under the will of Casper Dull, deceased, to file an account.    Answer.

The proceeding having been heard on petition and answer, the court, BUCHER, P. J., filed the following opinion and decree :

The question for solution arises under the will of Casper Dull, which was admitted to probate October 3, 1874.

After adjusting advancements, giving some legacies, directing his real estate to be sold unless accepted by his children, and giving his widow one third of the income from the land and the proceeds thereof when sold, the tenth item of the will provides :

" The proceeds of all my real and personal estate not specifically disposed of, whether accepted or sold as aforesaid, after the payment of my just debts, funeral expenses and legacies, I direct to be divided into eight equal shares, after one third part thereof shall have first been reserved and secured for the purpose of paying the interest thereof to my wife; . . . . . one share to be reserved, kept and invested by my executors, the proceeds whereof shall be applied by my executors to the proper maintenance of my son Joseph F., during his life, and, if the proceeds thereof shall not be sufficient for that purpose,

my executors shall apply so much of the principal as shall be necessary therefor, but my son Joseph shall have no control of it, nor shall it be liable for his debts, and at his death it shall go to his heirs."

Joseph F. is dead and the petitioner, Daniel M. Dull, is his administrator, and prays for a citation to the executors of Casper Dull to file an account of their trust as trustees of his decedent. Daniel M. Dull, the petitioner, is a co-executor with his brothers, as well as co-trustee for Joseph F. Dull, and acted as such.

1. It is contended that the tenth item in Casper Dull's will disposed of two thirds only of his estate, leaving him to die intestate as to the remaining one third. We do not think so. The expression in item ten is, " the proceeds of *all* my real and personal estate not specifically disposed of, whether accepted or sold as aforesaid, after the payment of my just debts, funeral expenses and legacies, I direct to be divided into eight equal shares, after one third part thereof shall have first been reserved and secured for the purpose of paying the interest of my wife; " showing no intention of dying intestate as to any part of his estate ; but, having ordered in the first clause of his will that his widow was to have the interest on the one third of his estate, the exception in the tenth item means no more than that this third should not be paid over to the legatees while the widow lived, but should be first deducted and secured for her as previously directed by his will. It is not an exception from the fund bequeathed so as not to pass under the general bequest, but a direction that this one third should be set apart for the widow while she lived, and upon her death it would be payable as the clause directs.

2. It is contended that Joseph F. had an inheritable estate in the bequest to Casper Dull's executors for his use, first, because he gave the income, and second, because at his death it was to go to his heirs.

It must be observed that nothing is given to Joseph F. The language is, " one share to be reserved, kept and invested by my executors, the proceeds whereof shall be applied by my executors to the proper maintenance of my son Joseph F. during his life," and then allows the corpus to be invaded if necessary, but Joseph F. is to have no control of it, nor shall it be liable to his debts.

To hold that by force of the words "his heirs" the estate became absolute in Joseph F. then it would be such a trust as the law would break up, then creditors could reach it as well as the legatee himself, and the purpose of the testator plainly expressed in the will would be defeated. The case is very like Rife v. Geyer, 59 Pa. 393. We are of the opinion that the interest of Joseph F. Dull under his father's will was such that nothing remained in the shape of property or money which survived his death, and that he has no estate which his administrator is entitled to receive.

The citation must be refused. This conclusion works to the injury of none. The petitioner had no status as administrator of Joseph F. Dull, to compel the executors or trustees to file an account. The heirs could do so, and doubtless will if the trustees fail to distribute the fund. The only difference in the distribution would be that, if distributed by the administrator of Joseph F., it would be subject to commissions on the part of the administrator, petitioner; otherwise it would not.

And now, April 14, 1890, the answers of the executors and trustees are adjudged to be sufficient, and the proceeding for a citation is dismissed at the costs of the petitioner.

—The petitioner then took this appeal, assigning the said decree of the court for error.

*Mr. John A. McKee* and *Mr. D. W. Woods*, for the appellant. Counsel cited: Physick's App., 50 Pa. 128.

*Mr. A. Reed*, for the appellees. Counsel cited: Rife v. Geyer, 59 Pa. 393; Little v. Wilcox, 119 Pa. 439; Barnett's App., 46 Pa. 392; Girard Co. v. Chambers, 46 Pa. 492; Earp's App., 75 Pa. 119; Williams's App., 83 Pa. 379; Philadelphia Co. v. Guillou, 100 Pa. 254; Livezey's App., 106 Pa. 206; Thompson v. Carmichael, 122 Pa. 478; Harbster's Est., 133 Pa. 351; Raudenbach's App., 87 Pa. 51; Hofius v. Hofius, 92 Pa. 305; Ferry's App., 102 Pa. 207; Miller's App., 113 Pa. 459; Boards of Missions' App., 91 Pa. 507.

PER CURIAM:
This appeal is affirmed upon the opinion of the learned judge

of the Orphans' Court, and the appeal is dismissed at the costs of the appellant.

Decree affirmed.