## Commonwealth v. Adam

*Nathan L. Reibman*, for Commonwealth.

*Edward S. McCluskey*, for defendant.

LAUB, J., July 24, 1939.—The Commonwealth of Pennsylvania instituted an action against defendant to recover the sum of $854, alleging in its statement of claim that on or about November 1, 1934, defendant made application in writing for old-age assistance under the provisions of the Old Age Assistance Act of January 18, 1934, P. L. 282, further setting forth that she had been paid the said amount of $854 upon acceptance of her application.

Exhibit "A" attached to plaintiff's statement of claim showed the various payments made to defendant from time to time and showed the various amounts paid her, and covered the period of time from December 1934 to December 1937.

Plaintiff's statement further sets forth that these grants of assistance were terminated on or about January 1, 1938, at which time defendant was the owner of cash in an amount in excess of $4,500, same representing the proceeds of a bequest in the amount of $5,000 received under the provisions of the last will and testament of Raymond P. Hay, deceased.

The statement further sets forth that at the time last aforesaid said defendant was the beneficiary of a free and unrestricted use, possession, and benefit of a certain brick dwelling and parcel of land together with the appurtenances and privileges thereunto belonging, situate at 1332 Northampton Street, in the City of Easton, and also the free and unrestricted use, possession, and benefit of all of the household furniture, stoves, carpet, rugs, dishes, cut glassware, silverware, linen and bedding, pictures, musical instruments, sewing machine, washing machine, and all personal property about the home of Raymond P. Hay, deceased, she having received same under the provisions of his last will and testament for her use and benefit during the term of her natural life.

The statement of claim further sets forth that in addition to the assets mentioned in the sixth and seventh paragraphs of the statement defendant is the owner of other property, the extent and nature of which plaintiff at the present time is unable to name.

To this statement of claim defendant has filed an affidavit of defense raising questions of law. Defendant relies on the case of Commonwealth v. Catherine Silvius, no. 16, November term, 1938, in said court, the opinion filed in said case bearing date January 9, 1939. However, the statement of claim in that case is entirely different from the one in the instant case. The statement in the Silvius case set forth that defendant had the sum of $729 on deposit in a bank and asked repayment of $240 granted Mrs. Silvius in the form of old-age assistance. We held there that it was the intent of the legislature to grant old-age assistance to persons of middle age or older who

did not have sufficient means with which to adequately or comfortably maintain or support themselves, and that the sum of $729 was not such an amount as would justify the repayment to the Commonwealth of the sum of $240 in the form of old-age assistance payments, and that the income therefrom was not sufficient to adequately or comfortably maintain and support Mrs. Silvius.

Whether or not the allegations set forth in plaintiff's statement in the sixth and seventh paragraphs thereof are true or not defendant must be presumed to know.

We hold the affidavit of defense raising questions of law must be overruled because irrespective of the effect of the Old Age Assistance Act, supra, the Old Age Assistance Law of June 25, 1936, P. L. 28, and the Public Assistance Law of June 24, 1937, P. L. 2051, an implied obligation arose on the part of defendant to reimburse the Commonwealth for such old-age assistance payments, if she later on had the ability so to do.

Article III, sec. 18, of the Constitution of Pennsylvania, as amended in November 1937, P. L. 2875, provides as follows:

"No appropriations shall be made for charitable, educational or benevolent purposes to any person or community nor to any denominational or sectarian institution, corporation or association: Provided, That appropriations may be made for pensions or gratuities for military services, and to blind persons twenty-one years of age and upwards, and for assistance to mothers having dependent children, and to aged persons without adequate means of support."

From the statement of claim it will be noticed that the payments for which defendant applied and which she accepted were made as assistance and not as gratuities or pensions.

"1. The law implies an obligation on the part of a lunatic or his estate, to reimburse those who have supplied his necessities.

"2. An estate acquired by a lunatic after he became a public charge, is liable for his previous maintenance": Arnold's Estate, 253 Pa. 517 (syllabus).

"The amount paid by the Commonwealth for the support and maintenance of a lunatic is not a mere gratuity, but is based on an implied contract on the part of the lunatic to reimburse those who have supplied his necessities": In re Frank Hoffman, etc., 258 Pa. 343 (syllabus).

"Where a lunatic, supported and maintained by the Commonwealth, has a spendthrift trust established for his benefit, with the power given to the trustee to expend income, or principal, if necessary, for his care and comfort, the State is entitled to reimbursement for moneys paid on his behalf from the fund so created, but only from the outlays made from the date of the creation of the trust, and not for the periods prior thereto": Walters' Case, 278 Pa. 421 (syllabus).

We have not been able to find any cases decided by the Supreme Court of Pennsylvania relative to the repayment of old-age assistance payments under conditions such as are averred in plaintiff's statement in the instant case. However, we find several lower court cases where it was held that the Commonwealth was entitled to full recovery, to wit, Commonwealth v. Deemer, Court of Common Pleas of Armstrong County, no. 6, December term, 1938, decision by President Judge Graff, and Commonwealth v. Level, Court of Common Pleas of Cumberland County, no. 92, February term, 1939, decision by President Judge Reese, and decisions by the Orphans' Court of Montgomery County in Richie's Estate, 35, April term, 1938, decision by President Judge Holland, and of the Orphans' Court of Lancaster County in Drace's Estate, 34 D. & C. 426, opinion by Judge Charles. To hold otherwise would seem to be a manifest injustice to the Commonwealth of Pennsylvania, because when persons in need of assistance receive it from the Commonwealth and subsequently through inheritance or otherwise acquire

means with which to repay such assistance to the Commonwealth it necessarily follows that the Commonwealth in all fairness should be reimbursed.

And now, July 24, 1939, the affidavit of defense raising questions of law is overruled and defendant is directed to file an affidavit of defense to the issues of fact and merits of the case as set forth in the statement of claim within 15 days from the date hereof, or otherwise plaintiff's counsel, at his option, may enter judgment for want of such affidavit of defense. The costs of this proceeding to await final determination of the case.