## Kehr Estate

634 

*Richard S. Clover*, and *J. Webster Jones*, for accountant.

*Paul P. Wisler* and *Sidney Chait*, for Commonwealth.

VAN RODEN, P. J. (Specially presiding), January 3, 1955.—By this proceeding the trustee of a fund provided by the will and codicil of decedent presents its first accounting of the fund. The testamentary provisions creating the trust are as follows:

"*Sixteenth*: I give, devise and bequeath, after the death of my wife, *Kathryn Melville Kehr*, to my Trustee named herein the sum of five thousand (5,000) dollars, in trust, nevertheless, for my niece, *Grace Donnelly*, to invest and reinvest the same and to pay to her the income therefrom. However, I vest my Trustee with full discretion to use the principal or any part thereof of this bequest for any purpose deemed necessary or advisable, by my said Trustee, to take care of the needs of my said niece, *Grace Donnelly*, in event of her illness or in event it is deemed advisable to use the said funds to place her in any home, institution or to otherwise take care of her. It is my understanding that my said niece, *Grace Donnelly*, does and may need guidance, care and direction in order to protect her from her own improvidence."

Paragraph Eighth of the will names a grandson of testator, Harris Kehr Flounders, as residuary legatee, who is living and sui juris.

The accountant received the above-mentioned sum of $5,000, less transfer inheritance tax of $500, or the net amount of $4,500 on March 19, 1952.

The life beneficiary, Grace Donnelly, was admitted as a patient to the Norristown State Hospital on May 19, 1953. The commitment to the hospital was not done by the trustee, who actually had no knowledge of the action until a demand was made by the Commonwealth for payment for the maintenance of Grace Donnelly out of the principal of the trust fund.

The trustee thereupon filed the present account in order that a determination may be made by the court of the question of whether the Commonwealth is entitled to payments for the maintenance of the life beneficiary out of the corpus of the estate.

The court is assured that all parties in interest have had actual notice of the filing of the account and of the time and place of audit. . . .

The court is of the opinion that it clearly appears from the language used by testator in creating this trust estate that his purpose was not to establish a trust for the support and maintenance of the life beneficiary requiring the use of principal if the income should not prove to be sufficient. In fact, it is stated very definitely that the trustee shall "pay to her the income therefrom" and the authority and permission to use principal appears to be limited to "any purpose deemed necessary or advisable" by the trustee, including the placement of her in a home or institution, the chief concern and desire being "to protect her from her own improvidence" because he understood that she "does and may need guidance, care and direction."

In this case testator was an uncle of the life beneficiary, and under no legal responsibility to provide for his niece, as it would be in the case of a parent.

Testator must have been aware of the fact that the income (stated as $14.60 per month) would be far from adequate to contribute even a fair share of the amount necessary for the support and maintenance of his niece.

Testator created the trust by his codicil on April 2, 1948; he died in 1950; and it was not until 1953 that Grace Donnelly became a patient in the Norristown State Hospital. The facts in this case are very different from the facts in Walters' Case, 278 Pa. 421 (1924), relied upon by counsel for the Commonwealth in this case. There, a lunatic, while being supported and maintained by the Commonwealth, had a spendthrift trust established for his benefit by his mother, wherein it was specifically provided that the trustee was given the power to expend principal if necessary for the support of the lunatic, and the Supreme Court very properly held that the Commonwealth was entitled to be paid the cost of support and maintenance of the beneficiary.

In the instant case, the purpose of the trust was to allow the niece of testator the income and only by the exercise of the trustee's sole discretion could any portion of the principal be withdrawn. Furthermore, the grandson was not to be deprived of all or any portion of the remainder unless the trustee by the exercise of sound discretion believed it to be appropriate to deplete the same by using it for the benefit of the life beneficiary.

For these reasons the claim of the Commonwealth must be denied.

Now, January 3, 1955, conformably to the provisions of the testamentary trust herein referred to and of which the present accounting has been submitted, and the petition for adjudication, the entire balance of principal is hereby awarded to the trustee, the Fidelity-Philadelphia Trust Company, trustee for Grace Donnelly, to be held until termination of the life trust for Grace Donnelly, when the corpus will belong to the sole residuary legatee, Harris Kehr Flounders.