## Moore Estate

*Franklin L. Gordon*, for petitioners.
*Robert O. Butler*, for trustee.

MacElree, P. J., November 13, 1959.—This matter is before the Orphans' Court of Chester County, upon petition of Alice Kathleen Stiles and Sarah Elizabeth Stiles, now Sara Elizabeth Stiles Lyons . . .

### Discussion

A comprehensive brief on behalf of petitioners suggests the question before this court to be as follows:

"Are the Petitioners entitled to receive the accumulated income from the Trust since March 8, 1959, the date of life tenant's death and are they entitled to receive future income periodically for their support?"

In the opinion of this court the prayer for citation as allowed only requires respondent to show cause why it should not distribute to petitioners the income from said trust received since March 8, 1959, in the following proportions:

1. To Alice Kathleen Stiles, two-thirds thereof.

2. To Sarah Elizabeth Stiles Lyons, one-third thereof.

The pertinent provision in decedent's will provides, as follows:

"Should the said Sarah Lydia Deitrick die before the arrival of Alice Kathleen Stiles at the age of forty years, the income from said trust *shall be expended* by the surviving trustee in the education, maintenance and support of the said Alice Kathleen Stiles and for the said Sarah Elizabeth Stiles or the issue of either of them in the proportions to which they shall be entitled to the principal of the said trust estate under the provisions of this my last Will and Testament."

Those proportions are respectively: Two-thirds and one-third.

Counsel for petitioners have discussed at length in their brief numerous citations with respect to spendthrift trusts, discretionary trusts and trusts for support.

In the opinion of this court, the provisions in decedent's will created neither a spendthrift trust nor presently a discretionary trust.

So far as a spendthrift trust is concerned, where the amount to be paid or applied by the trustee is a specified sum or is not limited to what is necessary for the education and support of the beneficiary, although by

the terms of the trust it appears that settlor's motive in creating the trust is to provide for the education or support of the beneficiary, the rule as stated in §154 of A. L. I. Restatement of the Law of Trusts 2d, is not applicable.

If by the terms of the trust the trustee is under a duty to pay to the beneficiary or to apply for his benefit the whole or a fixed part of the income, although it is expressed that the payments or applications are for the education or support of the beneficiary, and although the amount is no more than is reasonable for his education and support, the beneficiary can transfer his interest and his creditors can reach it, except so far as a valid provision for forfeiture for alienation, or restraint on alienation has been imposed.

So far as discretionary trusts are concerned, the interest of any issue of the beneficiaries is not presently involved.

Under the provisions of the trust before this court, the amount to be expended is not limited to education and support.

As was noted by van Roden, P. J., in Jackson Estate, 15 D. & C. 2d 107, is must be noted here that with respect to the income from the trust fund, testator did not direct his surviving trustee to expend a "portion" or "part" or "some" of the net income for the education, maintenance and support of the two beneficiaries, but on the contrary, directed that "the income from said trust fund *shall be* expended for the education, maintenance and support of the beneficiaries . . . or the issue of either of them."

Under language such as this the trustee does not have the power to accumulate income: Barrett's Estate, 53 Pa. Superior Ct. 103.

This court is of opinion that the fact that either or both of the beneficiaries are gainfully employed does

not justify the trustee in accumulating income: Rodgers Estate, 4 Fiduc. Rep. 87.

In the opinion of this court until such time as the interest of an issue of either of the beneficiaries should be present, the surviving trustee is without discretionary power.

It seems obvious to this court, therefore, that it was the intention of testator, as expressed in his will, that the beneficiaries, petitioners in this matter, should receive the benefit of all income until such time as the elder of them arrives at the age of 40 years, or until the rights of issue of either of them might impose upon the trustee the exercise of discretionary power.

### Conclusions of Law

Accordingly, this court is of opinion, and will so decree, that Alice Kathleen Stiles is presently entitled to the benefit of two-thirds of the entire income accrued since March 8, 1959, and that Sarah Elizabeth Stiles Lyons is presently entitled to the benefit of one-third of the entire income accrued since March 8, 1959, subject nevertheless to the rights of The National Bank of Chester Valley, assignee, under their assignment dated April 3, 1959. . . .