## Jones Estate

248

*George O. Philips,* for trustee.

*David Wachtel,* for claimant.

*Earle E. Baruch, Jr.,* for trustee ad litem.

BOLGER, J., November 25, 1960. — Decedent died March 17, 1945. This trust arose under his will dated August 10, 1944, a copy of which is annexed.

Testator directed that his residuary estate be divided into four equal parts, one such part to be held in trust to apply net income and as much of principal as might be necessary for the maintenance, education and support of Marlene Kelley (now Mousheghian) and Dorothy Kelley (now Luters) during minority. Both of the beneficiaries are living and are minors.

The account has been filed because of the demands of the Commonwealth for repayment to it of money paid to Charles B. Kelley, father of the minor beneficiaries, under the provisions of the Public Assistance Law of June 24, 1937, P. L. 2051. The amount claimed is $695.38 assistance to Dorothy Kelley from August 20, 1954, to January 1, 1959, and $301.67 assistance to Marlene Kelley from August 20, 1954, to November 23, 1957.

Separate accounts have been filed with the respect to the fund held for each minor. The problem exists with reference to both accounts. By decree dated April 1, 1960, Earle E. Baruch, Jr., Esq., was appointed guardian ad litem to represent the minors. In it he notes that the claim of the Commonwealth is only for

that proportionate amount of the total paid out to the family and acknowledges that under Reiver's Estate, 343 Pa. 137, and Commonwealth of Pennsylvania, Department of Public Assistance v. Hornacek, 347 Pa. 596, the court recognizes the distinction between general assistance and assistance given to dependent children. However, the guardian resists the claim of the Commonwealth and cites the exact language of the will wherein testator provided:

"My said trustee shall, under no circumstances, make any payment of either income or principal, except for the exclusive benefit of such minor and no other. It is my express intention that my bounty shall be enjoyed solely by the persons hereinbefore named as beneficiaries, and my trustee shall at all times act strictly in accordance with this intention, to the end that the estates of such minors shall not be employed directly or indirectly for the benefit of any other person or persons."

It is noted that the trustees have on several occasions invaded principal for the benefit of the minors and, therefore, since the discretion vested in the trustee has been exercised, the line of cases covered in Erisman, Trustee, v. Directors of the Poor of the County of Lancaster, 47 Pa. 509: Walters' Case, 278 Pa. 421, and Estate of Elizabeth Hohenshieldt, 105 Pa. Superior Ct. 18, do not control. He points out that in all of the cited cases the trustee had refused to exercise its discretion.

The guardian cites the Restatement of Trusts §187, as follows:

"Where discretion is conferred on the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse of the trustee of his discretion."

Subsequent to the audit and attached hereto is a letter from the accountant in which it is stated that

after a careful review of the accountant's file, the trust officer in charge states that to the best of his present recollection the accountant had no knowledge that public assistance was being granted on behalf of the minors until after it had been discontinued.

In view of the admitted lack of knowledge by the trustee, it could not have completely exercised its discretion. It is not denied that the amount now claimed was actually expended for the benefit of the minors under the supervision of the Department of Public Assistance. This money was intended for the very purpose for which testator intended, viz., basic maintenance and support.

The philosophy of the cases which followed Walters' Case, supra, has been that the authorities, in providing support and maintenance, are not volunteers but are entitled to be reimbursed when there is a fund available at the time the assistance is granted.

The guardian and trustee ad litem directs attention to an adjudication of President Judge Klein in which the court was called upon to determine whether, under the language of the will, a minor must survive age 21 in order to receive an absolute estate or whether his entitlement to any balance is contingent upon his attaining that age. Although the question was resolved by agreement, President Judge Klein indicated that he considered the interest to be contingent. It is, therefore, contended by the guardian that the present estate of the minor cannot be liable to reimburse the Commonwealth, since it was not the property *"owned"* during the time such expenses were incurred. Subject only to an abuse of discretion by the trustee, the minors "owned" the right to receive principal and income during minority for specified purposes. One of these purposes was fulfilled by the public assistance granted. Therefore, the Commonwealth is now entitled to reimbursement. (Italics supplied.)

It is not here decided that the trustee abused its discretion, but it is decided that they acted without full knowledge of the facts relating to the actual needs of the minors. . . .

And now, November 25, 1960, the account is confirmed nisi.