## Martin Trust

*Clement Cassidy*, for petitioner.
*Leon Ehrlich*, for respondent.

MUTH, P. J., March 25, 1971.—On May 11, 1965, Lottie E. Martin executed a deed of trust with the

American Bank and Trust Company of Pennsylvania and her son, Blaine H. Martin, as cotrustees. The trust instrument provides, inter alia, that the trustees shall pay to the said son, Blaine H. Martin, for life, so much of the principal as he may request, in writing, not exceeding $5,000 in any one year, or five percent of the value of the principal at the end of each year. In addition, the trustees are authorized, in their sole discretion, to distribute to the said Blaine H. Martin such portions of the principal for the purchase of a home, for use in business, or for any other purpose which the trustees believe to be in his best interest. In addition, the trust instrument contains the following provision, "Anything herein to the contrary notwithstanding, no beneficiary who is also a Trustee shall participate in any discretionary decision relating to his or her right in or to principal or income or in any determination of his or her capacity. In such case, the decision of the Corporate Trustee shall control."

Blaine H. Martin has filed a petition for a citation upon his cotrustee, American Bank and Trust Company of Pennsylvania, requiring it to show cause why it should not file an account of its management of the trust. The petition alleges that no prior accounting of the trust has been made; that the corporate trustee has administered the trust to its own benefit and to the detriment of petitioner; that it has refused to pay a support order obtained by petitioner's wife, from whom he is separated; that it has made improper investments; that it has refused to furnish principal to petitioner for business purposes; and that the corporate trustee in general has shown a negative attitude and great reluctance to distribute principal.

The corporate trustee has filed an answer, admitting that it has refused to distribute more principal to peti-

tioner because to do so is not for his best interest, but has denied that it has administered the trust improperly. It also has admitted that it has refused to pay the support order due petitioner's wife, since to do so is not in his best interest, and avers that during the five years of the existence of the trust, the petitioner has received more than $40,000 in principal and more than $20,000 in interest.

The hearing upon the within matter was held before the court, at which time petitioner testified and stated the real purpose of this proceeding, as found on page 4 of the notes of testimony, as follows:

"A. The biggest complaint is that I know I don't have education to talk with big words, and I made a lot of mistakes in the management of the place. I would like the trust company to go in there and find out what I have coming and what I don't have coming. This gets on your nerves. I would like to know what I have to do, if I have to get rid of the place, or exactly where I stand."

Petitioner testified that in January of 1970, he requested $5,000 additional of principal, presumably for use in his operation of a small gasoline station, to pay his nonsupport order and for general purposes. He testified that in addition to operating the gasoline station, he operates a towing business, but that his income is so small that he has been living off of his girl friend's tips.

Upon cross-examination, petitioner admitted that he is unable to manage his business; that he had been frequently advised by his numerous attorneys that he was losing money; and that he could not continue to operate the business, but that he insisted in doing so. He also admitted that contrary to the averments of his petition, the corporate trustee has been furnishing him

with an accounting of the trust, and when asked how much money he had received from the corporate trustee, he said he didn't know. When asked whether he received about $90,000 in all, he did not deny the fact.

Robert F. Schock, trust officer of the corporate trustee, testified that Blaine H. Martin came to the trust company frequently for money, and that he had been refused many requests because to advance more money to him would be an absolute waste. He too has advised petitioner to get out of the business in which he is constantly losing money.

It seems that petitioner and his counsel are of the opinion that the corporate trustee should operate not only the trust, but also petitioner's business. Despite the repetitive averments of petitioner, it appears that petitioner really wants more money for the purpose of continuing the operation of his losing business and to purchase additional gasoline and oil. Petitioner also testified that he owns not only the gasoline station, but a home, which is rented and from which he receives rent of $100 a month.

At the hearing, the corporate trustee offered an account in evidence, from which it appears that when the trust was created in May of 1965, the trust principal amounted to $187,099.36; that there has been distributed to Blaine H. Martin, principal in the sum of $90,774, including, however, obligations arising out of the estate of Lottie E. Martin of $7,000 and $11,000, respectively, as well as the payment in full of a judgment, November term, 1968, J.D., no. 667, in the sum of $34,228.25. It also appears that the corporate trustee paid support arrearages for petitioner's wife, in the sum of $1,795 and $430. Petitioner also received distribution of income from the corporate trustee in the sum of $20,005.60, including an item of payment of

nonsupport to Janice Martin, wife of petitioner, in the sum of $200. The account was admitted into evidence and is not considered a formal accounting of the within trust at this time.

As stated in Seacrist Estate, 362 Pa. 190, "The primary question before the Court is, did the trustee abuse its discretion by discontinuing payments from principal to the petitioner?" In Brown's Appeal, 345 Pa. 373, the court referred to the obligation of a trustee in a discretionary trust and stated the following: "While a court cannot control the discretion conferred upon a trustee it may compel him to exercise it in good faith and within the bounds of a reasonable judgment . . . Harrar's Estate, 244 Pa. 542, . . . Walter's Case, 278 Pa. 421."

The court also referred to section 187 of the Restatement 2d, Trusts.

Section 187 of the Restatement 2d, Trusts, states the following:

"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion."

As already stated, the question is, has the American Bank and Trust Company of Pennsylvania, the corporate trustee, abused its discretion? It must be noted that the trust instrument not only gives the trustee discretion to determine whether principal should be distributed in its discretion and defined to be based upon a discretion that such distribution is in the best interest of the petitioner. Furthermore, the trust instrument also provides that a beneficiary, who is a trustee, shall not participate in any discretionary decision pertaining to his right to principal or income. Petitioner, Blaine H. Martin, is a trustee and a beneficiary,

and the settlor has excluded him from participating in an exercise of discretion to his interest in the trust. The issue, therefore, is solely whether the corporate trustee has abused its discretion.

Petitioner, apparently, ever since the creation of the trust, has relied very heavily upon distributions therefrom to aid him in carrying on his business and paying his nonsupport obligations. It appeared in the testimony that he has been represented by numerous attorneys in the past, all of whom have apparently advised him about continuing the operation of a losing business. Apparently, petitioner has become so dependent upon the continued aid which he expects from the trust that he has ignored all advice and somehow feels that the corporate trustee should manage the business for him and solve all of his problems. The very essence of the testimony is found in that of Mr. Schock, who stated that to distribute principal further to petitioner would be an absolute waste. In view of the large sums already advanced to petitioner, there is no basis for complaint that the corporate trustee has exhibited a negative attitude to petitioner, nor is there any evidence to support the allegations of the petition that the trust has been mismanaged or that improper investments have been made, or that the corporate trustee has managed the trust in its own interest. These allegations are entirely without merit. Upon an examination of all of the testimony, particularly that of petitioner, it appears that the corporate trustee has not been guilty of any abuse of discretion and in the light of the limitation of discretion, specifically provided for by the settlor in the trust instrument, the contention of petitioner that the distribution of principal has been improper, is also without merit.

Under the circumstances, we must conclude that

the corporate trustee, American Bank and Trust Company of Pennsylvania, has not abused its discretion in refusing to make further payments out of principal, although our conclusion is without prejudice to the rights of petitioner upon showing a-change of circumstances in the future.

## ORDER

And now, to wit, March 25, 1971, the petition and citation ordered thereon are here dismissed; costs to be paid out of the trust fund. This order shall become final in the absence of exceptions filed within 10 days of the date hereof.