Estate of Elizabeth Hohenshieldt, Deceased.

Argued December 10, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*F. B. Holmes* and with him *John B. Williams,* for County of Monroe, appellant.

*Grant W. Nitrauer* and with him *C. Raymond Bensinger,* for Commonwealth of Pennsylvania, appellant.

*X. P. Huddy,* for appellee.

OPINION BY LINN, J., March 5, 1932.

These two appeals, one by the Commonwealth, and the other by Monroe County, raise the same question: whether appellants are entitled to reimbursement from a spendthrift trust, of sums expended by them for maintenance of the cestui qui trust in a state hospital for the insane. The trust was created by the will of Elizabeth Hohenshieldt, who died in 1910 leaving a will, dated December 15, 1908, admitted to probate. The trustee filed an account, charging himself with principal of $1187.31, as "the share in said estate devised and bequeathed to said trustee in trust for John Hohenshieldt," and showing net income of $1330.80. An auditor was appointed to make distribution. He dismissed appellants' claims and awarded the net income to John Hohenshieldt.

He states that John Hohenshieldt, a lunatic, was confined in the Danville State Hospital, and later in Farview State Hospital, for a period beginning prior to December 1908, and ending July 12, 1929, when he was discharged. The income for distribution was accumulated during the time the beneficiary was in those institutions. Testatrix directed that a certain part of her estate should be held in trust to pay the income to her son John for life with remainder over; that "should my son John through sickness or other causes, be unable to support himself, and the interest from his share be insufficient to properly support and maintain him, then I hereby direct, authorize and empower my said executor to use so much of the principal of

his share as may be necessary for that purpose." She also provided that the property should be "held by said executor without the same, either principal or interest, being in any manner or under any form of proceeding subject to or liable for his present or future debts, contracts or engagements; ......" The auditor held that the spendthrift trust prevents recovery by the Commonwealth and the county; that these claims were mere debts which the trustee cannot be compelled to pay. Both claimants filed exceptions; they were dismissed by the court, and these appeals followed.

The law requires that the claims be allowed. The Commonwealth is authorized to recover by the Act of June 1, 1915, P. L. 661, 71 PS s. 1781; Walters' Est. 278 Pa. 421; and the county by s. 33 of the Act of June 13, 1836 P. L. 548, 62 PS s. 1916 and supplementary legislation: Erisman v. Directors of the Poor 47 Pa. 509, Directors of the Poor v. Nyce 161 Pa. 82; Com. v. Evans, 253 Pa. 524. In Walters' case, supra, there was also a spendthrift trust, with discretion in the trustee to spend for support and maintenance of the lunatic, if necessary, not only income, but part or all of the principal. It was held that such discretion must be exercised according to law; that the court will require the trustee to apply the fund in a particular way if circumstances require it; that the payment of such maintenance bills was within the duty of the trustee; that the necessities of the cestui que trust required the expenditures, and that by paying them the trustee was at the same time carrying out the intention of the testatrix and performing an obligation imposed by law—by a quasi contract. The principle so applied rules these appeals. The appellee attempts to distinguish Walters' case on the ground that in the trust before us the trustee has discretion to use part of the principal but not the income, while in

Walters' case, it applied to both principal and income. Discretion to apply such part of the principal as the necessities of the beneficiary require, includes the same control over the income, for income is a mere incident of the principal; if the principal may be spent, certainly the income may, for if the principal is taken, there will be no income. When the court finds a case requiring the payment of bills such as are contemplated by the Act of 1915, the principal of the trust estate like that before us, will be subject to the order of the court in the same way as the income would be, if discretion over it and not over the principal had been given. See, generally, Arnold's Est. 253 Pa. 517; Com. v. Evans, supra, In re Frank Hoffmann 258 Pa. 343; In re McCanna 77 Pa. Superior Ct. 1; Harnish's Est. 268 Pa. 128.

No. 161. The decree is reversed, and the record is remitted for reconsideration in the light of this opinion, costs to be paid out of the fund. The prothonotary will enter a similar order in No. 171.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court, and has been adopted as the opinion of this court. F. M. TREXLER, P. J.