## Jacobs Estate

*Ellis Brodstein,* for Department of Public Assistance.

*John W. Biehl,* for Berks County Trust Company, Trustee.

MARX, P. J., December 31, 1949.—The Commonwealth of Pennsylvania, Department of Public Assistance, here seeks reimbursement out of income and principal of the trust estate of George W. Jacobs, under the will of David D. Jacobs, deceased, from Berks County Trust Company, testamentary trustee. The issue arises on petition, citation and answer.

David D. Jacobs died August 19, 1947, leaving a last will, dated August 7, 1946, by item V of which he gave the residue of his estate, converted into money, in nine equal shares, three of which he gave to Berks County Trust Company, of Reading, Pa., "In Trust, however, to invest and re-invest the principal thereof and to pay the net income therefrom to my brother, George W. Jacobs, for and during the term of his natural life. If said income shall not be sufficient for

the comfortable support, maintenance and general welfare of my said brother, George W. Jacobs, said Trustee is authorized and directed to pay additional sums out of the principal, if and when, in its discretion, it becomes necessary so to do."

Subject to the imposed trust testator gave the estate in remainder, after the death of George W. Jacobs, "or so much as remains, and any unexpended income then remaining in said trust," to the named children of his brother, Howard Jacobs.

The further limitations of the trust need not be recited. The issue turns upon the execution of the trust or the failure and neglect of the trustee in the execution thereof.

Under an adjudication upon the account of the executor of the will, confirmed on September 18, 1948, there was awarded to Berks County Trust Company, testamentary trustee for George W. Jacobs, under the recited portion of the will, the sum of $3,688.53, the principal of the trust. Under the same adjudication there was awarded to the Commonwealth of Pennsylvania, Department of Public Assistance, assignee of George W. Jacobs, also known as George Jacobs, the sum of $87.90, accounted income.

The Commonwealth of Pennsylvania, Department of Public Assistance, during the period of August 21, 1947, to May 23, 1949, advanced to George W. Jacobs old age assistance in the aggregate sum of $742. The beneficiary now remains on the active list of the Department of Public Assistance, and receives a monthly allowance of $36.50. Within the aforesaid period the Department of Public Assistance has received from the trustee the award of $87.90, reducing the liability on the payments made, $742, to $654.10.

By writing dated April 16, 1948, George W. Jacobs, beneficiary, assigned, transferred and set over to the Commonwealth of Pennsylvania, Department of Public

Assistance, all his right, title and interest in the estate of David D. Jacobs, deceased and directed the executor of the will to pay to that assignee his share of the estate or as much thereof as shall be necessary to satisfy its claim for assistance granted to or for him or to or for those persons for whom he is legally responsible.

The Commonwealth was granted a citation, directed to the Berks County Trust Company, testamentary trustee, to show cause why payment in the sum of $654.10 should not be made to petitioner. An answer was filed by respondent, the testamentary trustee. Respondent avers that, in addition to the aforesaid payment of $87.90 to claimant, the additional sum of $17.10 was paid on May 2, 1949, reducing the amount claimed to $637, enters a general denial and disclaims knowledge of the averments made in the petition.

The action is friendly, the purpose sought being the determination of the respective rights and duties of the trustee and the Commonwealth and the right of the court to intervene. The entire income of the trust was paid to petitioner for the support and maintenance of the beneficiary. Payment of $637 is sought out of principal. The trustee refused such payment.

A trustee, having accepted the trust, is under a duty to administer as long as he continues to be trustee, and may not delegate to others the doing of acts which the trustee can reasonably be required to perform.

"Where discretion is conferred upon the trustee with respect to the exercise of a power, its exercise is not subject to control by the court, except to prevent an abuse by the trustee of his discretion": A. L. I. Restatement of the Law of Trusts §187.

"The court will control the trustee in the exercise of a power where its exercise is left to the judgment of the trustee and he fails to use his judgment. Thus, if the trustee makes no inquiry into the relevant circum-

stances and merely as a result of his arbitrary decision or whim exercises or fails to exercise a power, the court will interpose . . . So also the court will interpose where the trustee fails to use his judgment because of a mistaken view as to the extent of his powers or duties, whether the mistake is one of law or fact. . . . So also, the court will interpose where the trustee instead of exercising his judgment delegates the matter to the judgment of another. . . . if the trustee is empowered to apply so much of the trust property as he may deem necessary for the support of the beneficiary and the trustee does not apply at least the minimum amount which could reasonably be considered necessary for the beneficiary's support, the court will compel the trustee to pay the beneficiary at least that minimum amount. Similarly, if the trustee applies more than the maximum amount which could reasonably be considered necessary for the beneficiary's support, the court will interpose": Id., sec. 187, comment (*h*), et seq.

Respondent, uncertain as to its right to apply portions of the corpus of the trust to the intended purposes of the trust, permitted the Commonwealth, through the instrumentality of the Department of Public Assistance, to determine the needs of the beneficiary and pay the same, and thereafter to seek recovery from the trustee. Presumptively the needs of the beneficiary were properly assessed. The needs may vary, from month to month, but the general average may be concluded to be fair and proper. The beneficiary received distributions from the Commonwealth, before the origin of his rights under this trust. The Commonwealth, however, claims against the trust estate only for contributions made to the beneficiary since the origin of those rights, August 21, 1947, approximately the date of testator's death.

It was within the authority and duty of the trustee to determine whether, and in what amounts, requisi-

tions must be made on principal, in the accomplishment of the purposes of the trust. The trustee failed to so inquire and determine. The Commonwealth assessed the requirement at $36.50 per month, paid accordingly, and now seeks recovery under its presumptive and statutory right to reimbursement. The amount contributed by claimant was neither disputed nor charged to be excessive. The trustee remains silent, leading to the conclusion that the only question presented is that of the right of the Commonwealth to recover for the contributions made.

Contributions for the support and maintenance of this beneficiary and recovery from his property or estate were authorized by the Act of June 25, 1936, P. L. 28, superseded by the Act of June 24, 1937, P. L. 2045, and recovery is now regulated by section 5 of the Act of June 24, 1937, 62 PS §1975, and the Act of June 9, 1939, P. L. 310. In relation to this legislation, the Supreme Court in Reiver's Est., 343 Pa. 137, said (p. 138) :

"Where the State, under legislative authority, has provided maintenance for an indigent person, and it subsequently appears that the beneficiary has an estate or property of his own, the Commonwealth is entitled to recover from him the moneys expended on his behalf. Such a recovery has been allowed in cases where the Commonwealth supported paupers in almshouses or persons of unsound mind in asylums, or supplied assistance to the aged, or maintained dependent children committed to institutions under court orders. Its right to repayment is not dependent upon statutory permission, but rests upon the common-law doctrine that 'there is an implied duty on the part of a recipient of public assistance, or his estate, to make reimbursement' . . . . it is limited to property owned by him during the time the assistance was rendered or his right to

ownership of which existed or was acquired during such time."

The Commonwealth was allowed to recover for maintenance of a minor out of his estate in the hands of his guardian. See also Brown's Appeal, 345 Pa. 373; Waits' Estate, 336 Pa. 151; Walters' Case, 278 Pa. 421; Estate of Elizabeth Hohenshieldt, Decd., 105 Pa. Superior Ct. 18; Blum's Estate (No. 2), 38 D. & C. 594.

Respondent trustee, in the instant case, did not determine the needs of the beneficiary under the terms of the trust. It applied the income to the "comfortable support, maintenance and general welfare" of the life beneficiary, but made no further provision for payment out of principal, in the event of a deficiency in income. The trustee is under the duty to determine and pay, to the relief of the Commonwealth, or to permit recovery by the Commonwealth of a proper amount in reimbursement for distributions made.

It is, accordingly, decreed that respondent, testamentary trustee, pay to claimant, the Commonwealth of Pennsylvania, the sum of $637 here claimed.