JACK CONSTANZA, EXECUTOR AND TRUSTEE UNDER THE TRUST CREATED BY PARAGRAPH THIRD OF THE WILL OF JOSEPH VERONA, DECEASED, PLAINTIFF, v. JEAN VERONA, AN INCOMPETENT, *ET ALS.,* DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 10, 1958.

Mr. *Alfred L. Kettell*, attorney for plaintiff.

Mr. *Bernard D. Kaufman*, guardian *ad litem* of Jean Verona (incompetent), *pro se*.

*Mr. George Warren,* guardian *ad litem* of Susan Verona (an infant), *pro se.*

*Mr. Lawrence A. Whipple,* County Counsel (*Mr. Casimir Tokarski,* Asst. County Counsel, appearing), attorney for defendant Board of Chosen Freeholders of the County of Hudson.

DREWEN, J. C. C. (temporarily assigned). In the pretrial order the issues herein are framed as follows:

(a) Construction of the will;
(b) Determination as to whether the plaintiff-trustee is under any liability to the defendant County of Hudson with respect to the testamentary spendthrift trust for the benefit of Jean Verona, an incompetent.

The pertinent facts may be summarized as follows: Jean Verona is an inmate of the Hudson County Hospital for Mental Diseases, as an indigent patient. She was committed June 26, 1951. On June 4, 1955 the will of Joseph Verona, father of the said Jean, was admitted to probate, and the matter now in controversy revolves around the trust provisions of the third paragraph of the will. Plaintiff, as executor, has settled the claim of defendant Hudson County for the care of Jean up to the date of Joseph's death. Plaintiff, as trustee, resists the efforts of defendant county to reach the income of the testamentary spendthrift trust for reimbursement for Jean's care subsequent to the death of her father.

*R. S.* 30:4-66, as amended, makes every patient in a state institution personally liable for his own maintenance therein, and makes the father and mother and certain other ancestors and descendants of the patient liable for the support when the patient himself is indigent.

The will of Joseph Verona establishes a spendthrift trust for discretionary payment to Jean of a maximum of $6 per week, for her "pleasure or comfort," the discretion being given for the withholding of such payments should the income "become * * * payable to some other person."

The trustee and the guardian *ad litem* argue substantially as follows:

(a) It was the clear intent of the settlor to provide the weekly $6 for comforts, and not for institutional board and keep;

(b) The county cannot reach the trust income on account of the obligation of Joseph Verona, because that obligation died with him, under the terms of *R. S.* 30:4-66, as amended;

(c) The county cannot reach the trust income in the hands of the trustee on account of the obligation of Jean Verona, because she has no title to the funds until they are in her hands. And if she has an estate in the funds, it is not subject to execution under *N. J. S.* 2A:17-50 (which makes income *in excess* of $18 per week subject to execution);

(d) Assuming that the claim of the county is allowed, the trustee could exercise his discretion to withhold the income from Jean and accumulate it for certain remaindermen;

(e) The trust is a valid spendthrift trust and not opposed to public policy.

The County of Hudson argues generally that the trust is invalid on these grounds:

(a) Not providing by its terms for "support and maintenance," it is not a spendthrift trust at all;

(b) The liability of Joseph Verona for current and future expenses survived him, and the trust provision is invalid because it places assets of the debtor beyond the reach of defendant creditor.

Assuming that the intent of the settlor was to provide for expenses other than support and maintenance, and assuming also that the obligation of the settlor to provide for the support and maintenance of Jean died with him (and that the trust therefor is valid *pro tanto*), can the trustee be directed to pay any portion of the income of the trust to the defendant county by reason of the beneficial interest of Jean therein?

The plaintiff urges that this question is rendered moot by the discretion given to the trustee. But the discretion is not an arbitrary one which can be exercised to frustrate a judgment of this court. If the court finds that the County of Hudson is entitled to the trust income, the trustee will be bound to exercise his discretion accordingly and to follow

the judgment of the court. Thus the basic question is reached: Is the continuing personal liability of Jean Verona to be discharged by resort to the proceeds of the spendthrift trust?

Spendthrift trusts have been recognized and enforced in this State. See the comprehensive statement in 34 *A. L. R. 2d,* at *pages* 1340 and 1354. None of the cases there reported meet the precise issue involved here. In *Hunterdon Freeholders v. Henry,* 41 *N. J. Eq.* 388 (*Ch.* 1886), it was held that the plaintiff, a judgment creditor of the incompetent defendant, could not obtain execution against defendant's interest in a testamentary trust, for institutional care provided before the death of the settlor. The Chancellor relies on two former cases, in both of which the judgment debtor was a private person, and in both of which the denial of execution is rested on a statute which exempted from execution income from a trust less than $4,000 per annum. But this statute is no longer in effect. See *Harcum v. Greene,* 111 *N. J. L.* 129 (*Sup. Ct.* 1933). Thus it appears that the *Hunterdon* case is not a precedent, for historical reasons.

The courts of Pennsylvania have dealt with similar problems in the following cases:

*In re Walters,* 278 *Pa.* 421, 123 *A.* 408 (*Sup. Ct.* 1924). In this case there was a discretionary trust for "support and maintenance" of an incompetent, and the state sought to have the income applied to institutional care. The court ordered the trustee to exercise a "legal" discretion and pay the state for care given since the death of the settlor.

*In re Hohenshieldt's Estate,* 105 *Pa. Super.* 18, 159 *A.* 71 (*Pa. Super. Ct.* 1932). In that case there was also a discretionary "support and maintenance" trust, and on the authority of *In re Walters, supra,* the court ordered the trustee to reimburse the state for care of the incompetent beneficiary.

*In re Cronin,* 326 *Pa.* 343, 192 *A.* 397 (*Sup. Ct.* 1937). In that case the trust was for "the benefit" of an incompetent beneficiary and was also a spendthrift trust. The

court applied the law of New York and ordered the trustee to reimburse the state for institutional care given the beneficiary on the basis of the New York Mental Hygiene Law, *McKinney's Consol. Laws, c. 27, section 24–a.*[1]

Holding to the contrary of the foregoing are two Connecticut cases, decided on the basis of a statute of that state making trust income liable to claims of creditors in instances where the trust does not contain "provisions for accumulation or express authorization to the trustee to withhold such income." These two cases concern the same trust: *Reilly v. State,* 119 *Conn.* 508, 177 *A.* 528 (*Sup. Ct. Err.* 1935), and *City of Bridgeport v. Reilly,* 133 *Conn.* 31, 47 *A. 2d* 865 (*Sup. Ct. Err.* 1946). The trusts in question there did expressly authorize the trustee to withhold the income, hence the applicability of the statute.

The *Restatement of Trusts* (1948 *Supp.*), *sec.* 157, is in accord with the Pennsylvania decisions cited above. See also 1*A Bogert on Trusts, p.* 488, and 3 *Page on Wills, p.* 834.

A recent case in this State that may be viewed as having elements of analogy is *Fischer v. Fischer,* 13 *N. J.* 162 (1953). There it was held that Police and Firemen's Pension Fund benefits may be reached to satisfy an award of alimony, notwithstanding the provisions of the statute creating the fund that its benefits shall be exempt from "legal process."

Is the case now before the court to be distinguished from the authorities cited above as contrary to plaintiff's position, because the concern of the trust here is stated to be the incompetent's "pleasure or comfort"? I think not. In those cases, as in this, the heart of the matter is the *proper* exercise of discretion by the trustee under all the circumstances of the case. In those cases, if the words of the trust had been the final determinant of the trustee's authority, he would have been free to ignore the claims of the State, for the trust in each instance was set up as discretionary and prohibited its use for payment of the debts of the beneficiary. However, as we have seen, the court

---

[1] Now section 24.

directed the trustee's discretion in accordance with the precept pronounced in its judgment. I think that in the present case the court should uphold the validity of the trust, and direct the trustee to pay equitably out of the income of the trust to the County of Hudson in whole or partial satisfaction of the personal obligation of the incompetent.

Judgment accordingly.