(No. 43097.—

THE DEPARTMENT OF MENTAL HEALTH, Appellant, *vs.*
PAUL PAULING, Appellee.

*Opinion filed December 4, 1970.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANK J. McGARR, First Assistant Attorney General, and FRANCIS T. CROWE, JEROME F. GOLDBERG, and JOAN M. MATLAW, Assistant Attorneys General, of counsel,) for appellant.

KENNETH R. LEVEY, of Chicago, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Paul Pauling was indicted for the crime of attempted murder in June of 1954 in the criminal court of Cook County. He was found not guilty by reason of insanity when the offense was committed. The jury made the further finding he had not recovered from such insanity at the time of the trial. Pursuant to this finding, the trial court committed defendant, as an insane person, under section 12 of Division II of the Criminal Code (Ill. Rev. Stat. 1953, ch. 38, par. 592), and he has been under the control and supervision of the Department of Mental Health of the State of Illinois intermittently from July 24, 1954, through August 14, 1967.

Prior to January 1, 1966, the Department of Mental Health did not impose any costs for services rendered to the defendant. However, pursuant to section 12—12 of the Mental Health Code (Ill. Rev. Stat. 1967, ch. 91½, par. 12—12), formerly (Ill. Rev. Stat. 1963, ch. 91½, par. 12—21), and regulations of the Department of Mental Health

Nos. 53 and 54, the Department assessed the defendant monthly rates for that period commencing January 1, 1966, through and including the date of his final discharge on August 14, 1967.

Section 12—12 of the Mental Health Code provides in part: "Each patient receiving treatment in a mental health program of the Department, and the estate of such patient, is liable for the payment of sums representing charges for treatment of such patient at a rate to be determined by the Department in accordance with this Section." Having failed to collect the amount allegedly due and owing, $2,301.20, the Department instituted suit in the circuit court of Will County. The suit was dismissed with prejudice on January 12, 1970, and this appeal is from that decision.

Initially, it should be noted that section 12—12 of the Mental Health Code, like its predecessor, section 12—21, provides for the payment for treatment of "each patient receiving treatment in a mental health program of the Department", in which admittedly the defendant was such a patient. However, the defendant contends he is not liable for the charges assessed because of commitment under the provisions of the Criminal Code rather than the Mental Health Code. And, secondly, that the imposition of these costs is a violation of equal protection of the laws, for he was incarcerated either to protect the public from him, or to punish him for past transgressions.

Regardless of the method attendant to his commitment, whether by the then criminal court of Cook County, or commitment by the civil division of the circuit court of Cook County, or under any of the other methods provided by statute, the fact remains that the defendant has been in the custody, control and treatment of the Department of Mental Health of the State of Illinois, and therefore comes within the purview of section 12—12 of the Mental Health Code. The constitutionality and validity of the reimbursement of costs for such services has consistently been upheld by this

court. *Department of Mental Health* v. *Coty,* 38 Ill.2d 602; *Kough* v. *Hoehler,* 413 Ill. 409.

The only theory advanced upon which he could be excused from said payments is that the imposition of such costs creates a violation of the equal protection of the laws. This constitutional issue is grounded upon the assumption that he was incarcerated "not for hospitalization, but for either punishment or protection of the public." In essence, therefore, he argues that he has been incarcerated in the same manner and form as any accused who has been found guilty and sentenced to a penal institution. He then concludes that a violation of equal protection occurs because costs are assessed to him while not imposed upon prisoners under the control and custody of the Department of Public Safety in a penal institution. However, the factual circumstances of this case belie this conclusion. The defendant has not been found guilty of any crime. He was not incarcerated in a penal institution. His commitment to a State mental facility was determined by a court of law due solely to the fact that "he was insane". The commitment is of the same nature and substance as a commitment in a civil proceeding under the Mental Health Act in that the same criteria relating to insanity are attendant to both proceedings.

The defendant, being under the custody, control and treatment of the Department of Mental Health, as any other patient, is subject to the same statutory costs as all others who are rendered service by the Department. The burden placed is on all "patients" and therefore it is uniform and constitutional.

The decision of the circuit court of Will County is hereby reversed and the cause remanded, with directions to enter judgment for the plaintiff, the Department of Mental Health of the State of Illinois.

*Reversed and remanded, with directions.*