(No. 43887—

*In re* CONSERVATORSHIP OF THE ESTATE OF FRED W. SCHNEIDER.—(THE DEPARTMENT OF MENTAL HEALTH, Appellee, v. RUTH A. TAYLOR, Conservator, Appellant.)

*Opinion filed November 24, 1971.—Rehearing denied Jan. 27, 1972.*

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE, JEROME F. GOLDBERG, JOAN M. MATLAW and SAMUEL E. HIRSCH, Assistant Attorneys General, of counsel,) for appellant.

ALPHONSE CERZA and ANTHONY J. DE TOLVE, both of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The question before the court in this case is whether a person, or his estate, is liable for his hospital care when he has been charged with a felony and is committed to the hospital on a finding that he is incompetent to stand trial.

Fred W. Schneider was indicted for the murder of his wife. He was found incompetent to stand trial pursuant to sections 12 and 13 of division II of the Criminal Code of 1874, now sections 104—1 *et seq.* of the Code of Criminal Procedure (Ill.Rev.Stat. 1963, ch. 38, pars. 592 and 593; Ill.Rev.Stat. 1969, pars. 104—1 *et seq.*), and was committed to the custody of the Department of Mental Health, which placed him in the Kankakee State Hospital on November 19, 1963. Subsequently, the Department filed a petition in the circuit court of Cook County, probate division, against the conservator of Schneider's estate for reimbursement for the cost of his hospital care and maintenance at the determined rate of $132 per month. (Ill.Rev.Stat. 1969, ch. 91½, par. 12—12.) The circuit court granted the Department the relief sought, entered judgment against the conservator in the sum of $6,807.50, and ordered the payment of the monthly charges thereafter. The Appellate Court for the First District reversed the order of the circuit court *(In re Estate of Schneider, 130 Ill.App.2d 440),* and we granted leave to appeal from the decision of the appellate court.

Schneider was first committed to the Department of Mental Health on November 19, 1963, was discharged on December 28, 1965, but was recommitted on February 4, 1966, after again being found incompetent to stand trial. Prior to January, 1966, the Department did not attempt to collect charges when patients were committed to a State hospital on a criminal proceeding, as in the instant case.

On January 1, 1966, however, Mental Health Regulation No. 51 was amended to provide that treatment charges would be established against the estate and income of patients committed under similar proceedings, but that no charges would be imposed against the relatives of such patients.

Subsequent to the decision of the appellate court in this case, we held in *Department of Mental Health v. Pauling, 47 Ill.2d 269,* that a person committed to the Department of Mental Health upon a finding that he was not guilty by reason of insanity when the offense was committed, and who had not recovered from such insanity at the time of the trial, was liable for the monthly charges imposed under section 12—12 of the Mental Health Code. (Ill.Rev.Stat. 1969, ch. 91½, par. 12—12.) We believe that *Pauling* is determinative of the principal issue raised in this case. We there held that a commitment under such circumstances was neither an imposition of any penalty, nor was it based upon any finding of guilt of a crime, but rather, was the result of a finding as to mental condition, and the commitment was of the same nature and substance as a commitment in a civil proceeding under the Mental Health Act. As a result, we held that the defendant, Pauling, was subject to the same statutory costs as any other patient.

As in *Pauling,* it is contended in this case that Schneider was committed for the protection of the public and not for hospitalization for his mental condition. The argument has no more validity here than in *Pauling.* The proceeding to determine whether one is competent to stand trial is primarily for the protection of his constitutional rights to due process and for his benefit—not for the protection of the public. The proceeding is distinct and apart from the criminal proceeding. *People v. Bender, 20 Ill.2d 45, 47, 48, 53; People v. Redlich, 402 Ill. 270, 276.*

Courts in other States have considered this question and have reached a conclusion which is in accord with our

view in *Pauling.* See: *State v. Kosioreck (Conn. 1969), 259 A.2d 151; State v. Griffith (Ohio 1941), 36 N.E.2d 489;* and *Commonwealth v. Evans (1916), 253 Pa. 524, 98 A. 722.*

One additional matter is raised in this case. In *Pauling,* the Department did not seek to impose charges for the period of time prior to January 1, 1966, the date it amended its regulations. In this case, the Department served notice upon the conservator that it had determined that charges of $132 per month should commence as of February 4, 1966—the date Schneider was recommitted. However, in this proceeding, the Department sought to impose charges for hospitalization from November 19, 1963, the date of Schneider's original commitment, and judgment was entered on this basis.

We find that the charges prior to January 1, 1966, the date of the amended regulations, were without validity. Prior to January 1, 1966, the Department had determined, for policy or other considerations which it deemed sufficient, not to seek payment from persons committed under such circumstances. Inconceivable hardship and injustice could result if the Department were permitted to change its procedures in this respect and now seek monies from persons for hospitalization given in years long past. We find no justification, or authority, for making the change of policy retroactive. We see no reason to broaden our decision in *Pauling,* and we uphold the imposition of the monthly charges only for that period of time during which Schneider was hospitalized subsequent to January 1, 1966.

The judgments of the circuit and appellate courts are reversed, and the cause is remanded to the circuit court for further proceedings consistent herewith.

*Reversed and remanded, with directions.*