STATE of Indiana on the Relation of the MENTAL HEALTH COMMISSIONER, Plaintiff-Appellant,

v.

The GUARDIANSHIP OF Bernice M. WISEMAN, Incompetent, Madison State Hospital, Defendant-Appellee.

No. 1–379A86.

Court of Appeals of Indiana, First District.

Aug. 21, 1979.

Rehearing Denied Sept. 28, 1979.

Theodore L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

William C. Moyer, New Albany, for defendant-appellee.

LOWDERMILK, Presiding Judge.

## STATEMENT OF THE CASE

The plaintiff State of Indiana, on the relation of the Mental Health Commissioner, filed a claim against the defendant guardianship of Bernice M. Wiseman for costs incurred by the Madison State Hospital in caring for Mrs. Wiseman. The Floyd Circuit Court granted the claim in part and denied it in part. The State brings this appeal from the partial denial of its claim.

We reverse and remand.

## FACTS

Bernice M. Wiseman was charged with the murder of her husband. The Floyd Circuit Court determined that she was mentally incompetent to stand trial. The court committed Mrs. Wiseman to the Department of Mental Health, and she was admitted to the Madison State Hospital on March 5, 1976. The department and the hospital subsequently petitioned the Floyd Circuit Court for the civil commitment of Mrs. Wiseman, and the court entered an order of civil commitment on October 21, 1976.

As of September 30, 1978, the costs of Mrs. Wiseman's treatment and maintenance at the hospital totalled $30,646.30. The State of Indiana, on the relation of the Mental Health Commissioner (State), filed a claim against the guardianship of Bernice M. Wiseman (guardian)[1] for that amount in the Floyd Circuit Court on October 12, 1978. The court granted the State's claim to the extent of the costs incurred after Mrs. Wiseman's civil commitment, $24,328.77, but denied the claim as to the costs incurred prior to the civil commitment, $6,317.53. The State brings this appeal from the trial court's denial of the State's motion to correct errors.

## ISSUE

The sole issue raised in this appeal is whether or not the State is entitled to reimbursement for the cost of treatment and maintenance of a person who has been admitted to a state psychiatric hospital because of mental incompetence to stand trial but who has not been civilly committed.

## DISCUSSION AND DECISION

When a trial court has reasonable ground to believe that the defendant in a pending criminal prosecution is insane, it must hold a hearing on that matter. If the court finds "that the defendant has no comprehension sufficient to understand the proceedings and make his defense," then the defendant must be committed to the Department of Mental Health, which then must confine the defendant in a psychiatric institution. Ind.Code 35–5–3.1–1. If the superintendent of the psychiatric institution determines that there is no substantial probability that the defendant will become competent to stand trial within the foreseeable future, or if the defendant does not in fact become competent, the Department of Mental Health must institute "regular" (civil) commitment proceedings. Ind.Code 35–5–3.1–3, 35–5–3.1–4.

The State argues that when Mrs. Wiseman was admitted to the Madison State Hospital on March 5, 1976, pursuant to IC 35–5–3.1–1, her guardian became liable for the cost of treatment and maintenance of Mrs. Wiseman under Ind.Code 16–14–18–2(a), which says: "Each patient in a psychiatric hospital of this state, and the responsible relatives of the patient, individually or collectively, are liable for the payment of the cost of treatment and maintenance of such patient." A "patient" and a "responsible relative" are defined for the purposes of the foregoing provision in Ind.Code 16–14–18–1:

"16–14–18–1 Definitions

Sec. 1. The following words and phrases as used in this chapter, unless a

1. The record does not indicate the name of Mrs. Wiseman's legal guardian. We will refer to the defendant in this case as the "guardian" rather than as the "guardianship" or "Mrs. Wiseman." See Ind.Code 29–1–1–20, 29–1–18–37; Ind. Rules of Procedure, Trial Rule 17(C).

different meaning is plainly required by context, shall have the following meanings:

\* \* \* \* \* \*

(4) A 'patient' means any mentally ill persons, or any person who appears to be mentally ill, or any mentally retarded person who is in or under the supervision and control of any psychiatric hospital, or who, because of mental illness, is under the supervision and control of any circuit or superior court of this state.

(5) A 'responsible relative' means, and includes the parents, husband or wife of the patient and a legal guardian of the patient in his representative capacity, but shall not mean the children of patients or the parents of patients over the age of eighteen [18] years of age.

\* \* \*"

The guardian raises a number of arguments in support of the judgment of the Floyd Circuit Court. He first contends that under Ind.Code 35-2.1-1-1 the Floyd Circuit Court was responsible for Mrs. Wiseman's safekeeping as a prisoner pending trial, and Floyd County was to bear the costs and expenses of such safekeeping. Furthermore, the guardian says, the court retained its jurisdiction over Mrs. Wiseman until her civil commitment. He also cites Ind.Code 11-5-1-3, which provides that the sheriff is responsible for providing a prisoner with room and board.

He further argues that IC 16-14-18-1(4) by its terms does not apply to Mrs. Wiseman and that, consequently, he is not liable for the cost of her treatment and maintenance. He reasons that neither of the alternative "supervision and control" requirements was met: on the one hand, Mrs. Wiseman was under the supervision of the hospital, but she was under the continuing control of the Floyd Circuit Court under IC 35-2.1-1-1; on the other hand, she was under the supervision and control of the Floyd Circuit Court because she was charged with murder, not because of her mental illness. Thus, the guardian concludes, Mrs. Wiseman was not a "patient" for the purposes of IC 16-14-18-2(a), and he is not liable under that provision for the cost of treatment and maintenance of Mrs. Wiseman.

The guardian urges this court to follow the decision of the Illinois Appellate Court in the case of *In re Estate of Schneider*, (1970) 130 Ill.App.2d 440, 264 N.E.2d 805. He argues that this court, like the Illinois Appellate Court, should determine that the confinement of an incompetent in a psychiatric hospital until he becomes competent to stand trial is analogous to imprisonment, in effect rendering the incompetent a prisoner. A prisoner, the guardian asserts, is not liable for the costs of his maintenance and medical care. The guardian maintains that Ind.Code 35-1-18-1, which states that murder is a non-bailable offense when the proof is evident or the presumption strong, supports this position. He argues that because Mrs. Wiseman would have been held in jail had she not been admitted to the hospital, her confinement in the hospital is therefore analogous to confinement in jail.

■ After giving careful consideration to the arguments raised by the parties as well as to the language of the statutes cited, we are compelled to hold that Mrs. Wiseman was indeed a "patient" within the meaning of IC 16-14-18-1(4) and 16-14-18-2(a) from March 5 through October 21, 1976. Let us again consider the language of IC 16-14-18-1(4):

"(4) A 'patient' means *any mentally ill persons, or any person who appears to be mentally ill*, or any mentally retarded person *who is in* or under the supervision and control of *any psychiatric hospital*, or who, because of mental illness, is under the supervision and control of any circuit or superior court of this state." (Our emphasis)

The guardian does not deny that Mrs. Wiseman was or appeared to be mentally ill during the period in question or that she was in a psychiatric hospital during that time. Thus, under the clear and unambiguous language of IC 16-14-18-1(4), Mrs.

Wiseman was a "patient" even prior to her civil commitment. The Court of Appeals must "give effect to the clear and unambiguous meaning of a statute . . . ." *United Farm Bureau Mutual Insurance Company v. Runnels*, (1978) Ind.App., 382 N.E.2d 1015, 1017.

Because the meaning of IC 16–14–18–1(4) and 16–14–18–2(a) is clear, we need not look to the other statutes cited by the guardian for assistance in determining the coverage of those sections. Likewise, we need not look to *Estate of Schneider, supra*, for guidance. Moreover, the Illinois Supreme Court reversed the Appellate Court's decision in *In re Estate of Schneider*, (1971) 50 Ill.2d 152, 154, 277 N.E.2d 870, giving the following explanation:

> "As in *Pauling* [*Department of Mental Health v. Pauling*, (1970) 47 Ill.2d 269, 265 N.E.2d 159], it is contended in this case that Schneider was committed for the protection of the public and not for hospitalization for his mental condition. The argument has no more validity here than in *Pauling*. The proceeding to determine whether one is competent to stand trial is primarily for the protection of his constitutional rights to due process and for his benefit—not for the protection of the public. The proceeding is distinct and apart from the criminal proceeding. . . ." (Citations omitted) (Our insertion)

The guardian's liability subsequent to Mrs. Wiseman's civil commitment is not disputed in this appeal. We hold that Mrs. Wiseman's guardian is liable for the cost of her treatment and maintenance in the Madison State Hospital before her civil commitment on October 21, 1976. Therefore, we reverse the judgment and remand this cause to the Floyd Circuit Court with directions to enter judgment in favor of the State in the amount of $30,646.30.

LYBROOK and ROBERTSON, JJ., concur.