STATE of Indiana, Appellant–Plaintiff,

v.

Charlene DAVIS, Appellee–Defendant.

No. 49A02–0706–CR–545.

Court of Appeals of Indiana.

Nov. 8, 2007.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Anna E. Onaitis, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

The State appeals the trial court's grant of the pre-trial motion to dismiss the pending charge against Appellee–Defendant Charlene Davis ("Davis"). We reverse and remand.

### Issue

The State raises the issue of whether the trial court erred in dismissing the charge against Davis due to Davis being found incompetent to stand trial and her involuntarily commitment to a mental health facility for longer than the maximum sentence for the charged offense.

### Facts and Procedural History

On February 21, 2004, the State charged Davis in Marion County with one count of Criminal Recklessness, as a Class D felony.[1] On April 21, 2004, Davis's counsel filed a Motion for Competency Evaluation. The trial court issued an order appointing two psychiatrists to examine Davis to determine whether Davis had sufficient comprehension to understand the proceedings against her and whether she appreciated the wrongfulness of her conduct alleged in the charge. After receiving and reviewing the reports submitted by the appointed psychiatrists, the trial court found Davis to be incompetent to stand trial and ordered her committed to the Department of Mental Health to be confined in an appropriate psychiatric institution. The May 2004 commitment order required the Superintendent of the psychiatric institution to certify to the trial court within ninety days whether Davis had a substantial probability of attaining sufficient comprehension within the foreseeable future to stand trial. Davis was placed at the Evansville State Hospital to receive treatment in order to regain competency.

As of August 23, 2004, Davis had not attained competency to stand trial according to the report submitted to the trial court by the Superintendent of the Evansville State Hospital. The Superintendent opined that Davis would not regain competency in the foreseeable future. Due to Davis's continued need for treatment, the Superintendent filed a petition with the Vanderburgh County Superior Court for Davis's civil involuntary commitment. Under a civil cause number, proceedings for a regular civil commitment pursuant to Indiana Code Chapter 12–26–7 were instituted, and Davis was committed on September 3, 2004.

---

1. Ind.Code § 35–42–2–2.

Davis was evaluated for competency to stand trial in August of 2005. It was reported to the Marion County trial court that Davis still lacked competency to stand trial. At some point in time after this report, Davis was transferred to Larue Carter Memorial Hospital.

On March 1, 2007, Dr. Beth Pfau, Chief Medical Officer at Larue Carter Memorial Hospital, wrote to inform the Marion County trial court that it was her opinion that Davis could not be restored to competency. Subsequently, Davis's counsel filed a motion to dismiss the charge on the basis that Davis had been involuntarily committed for longer than the maximum sentence for the charged crime. On April 26, 2007, the trial court granted the motion to dismiss, agreeing with the argument of Davis's counsel. The State appeals pursuant to Indiana Code Section 35-38-4-2(1).

## Discussion and Decision

### I. Standard of Review

■ The State contends that the trial court did not have the legal authority to dismiss the charge against Davis. This issue is a question of law. We therefore review the matter de novo. State v. Sagalovsky, 836 N.E.2d 260, 263 (Ind.Ct.App. 2005), trans. denied.

### II. Analysis

"If at any time before the final submission of any criminal case to the court or the jury trying the case, the court has reasonable grounds for believing that the defendant lacks the ability to understand the proceedings and assist in the preparation of a defense, the court shall immediately fix a time for a hearing to determine whether the defendant has that ability." Ind.Code § 35-36-3-1(a). The trial court must appoint at least two disinterested psychiatrists, who are not employees or contractors of a state institution, to evaluate and testify whether the defendant can understand the proceedings and assist in the preparation of his or her defense. Id. If after the competency hearing the trial court finds the defendant lacks this ability, it shall delay the trial and order the defendant committed to the division of mental health and addiction. I.C. § 35-36-3-1(b).

Within ninety days after a defendant has been committed due to the lack of competency to stand trial, the superintendent of the state institution where the defendant is placed is required to certify to the trial court whether there is a substantial probability that the defendant will attain competency within the foreseeable future. I.C. 35-36-3-3(a). If it is certified to the trial court that such a substantial probability does not exist, the superintendent shall initiate regular commitment proceedings under Indiana Code Article 12-26. The statutes for commitment during a criminal proceeding do not speak to any procedure regarding the pending criminal charges once a defendant is committed under the civil statutory scheme.

The State argues that the absence of statutory instruction does not provide the trial court with the authority to dismiss the charges over the State's objection. Davis's counsel argues that Jackson v. Indiana is instructive, alleging that the analysis suggests that charges similar to those in the present case should be dismissed.

Jackson v. Indiana involved a prior version of the pretrial commitment statutes that did not require civil commitment proceedings if the defendant did not obtain competency within ninety days. Jackson v. Indiana, 406 U.S. 715, 717, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). Instead, the statutes permitted commitment of the defendant until he or she regained competency to stand trial. Id. This standard to keep the defendant committed under the

pretrial commitment statutes differed from that of the civil commitment statutes where an individual's release from commitment was in the discretion of the superintendent of the particular mental health institution. *Id.* at 722, 92 S.Ct. 1845. Due to the pretrial commitment statutes' more lenient commitment standard and more stringent standard of release compared to the civil commitment procedures, the U.S. Supreme Court held that Indiana had deprived Jackson of equal protection of the laws and due process under the Fourteenth Amendment. *Id.* at 730–731, 92 S.Ct. 1845. The Court concluded:

> We hold, consequently, that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

*Id.* at 738, 92 S.Ct. 1845.

Jackson also argued that fundamental fairness required the charges against him be dismissed because his incompetence to stand trial satisfied the insanity defense. *Id.* at 739, 92 S.Ct. 1845. The Supreme Court noted that criminal responsibility at the time of the charged offenses and the lack of competency to stand trial were separate and distinct issues. *Id.* at 740, 92 S.Ct. 1845. As to the issues of whether pending criminal charges against a defen-

dant who will most likely never regain competency denies the defendant due process or the right to a speedy trial, the Court declined to address these issues because Jackson had not raised them to the state courts, and it believed that the Indiana courts should have the first opportunity to address the issues. *Id.*

Davis's counsel argues that the U.S. Supreme Court's analysis on due process and the right to a speedy trial suggests that permitting charges to remain pending against a defendant who has been declared incurably incompetent is a violation of due process. We cannot agree, because the Court specifically refused to address the question. Furthermore, the basis for requesting dismissal in this case was not that of violations of the constitutional rights to due process and a speedy trial. Rather, the foundation was that Davis had been committed, in total under the pretrial and civil commitment statutes, for longer than the maximum sentence for the charged crime.

■ Davis's counsel argues but we find no authority for equating time in civil involuntary commitment to credit for time served for pending criminal charges. Involuntary civil commitment is not punishment. Rather, its dual purpose is to protect the public and ensure the rights of the person whose liberty is at stake. *In re Commitment of Roberts,* 723 N.E.2d 474, 476 (Ind.Ct.App.2000). Although civil commitment proceedings may be commenced based on a defendant's inability to stand trial within the prescribed amount of time, civil commitment is separate and distinct from the criminal proceedings. *See State ex rel. Mental Health Com'r v. Guardianship of Wiseman,* 181 Ind.App. 623, 628, 393 N.E.2d 235, 238 (1979) (quoting *In re Estate of Schneider,* 50 Ill.2d 152, 154, 277 N.E.2d 870, 872 (1971)). Therefore, the trial court erred in dismissing the

charge against Davis on the basis of the length of time she has been subject to a civil commitment to a mental health institution.

Reversed and remanded.

BAKER, C.J., and VAIDIK, J., concur.